11-4119
Smith v. Santangelo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
        ROSEMARY S. POOLER,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges*,
        CATHY SEIBEL,[*]
           *District Judge.*

_____

Lee B. Smith, Donna Gagnon-Smith,

        *Plaintiffs-Appellants*,

        v.                               11-4119-cv

Robert P. Santangelo, City of Middletown,

        *Defendants-Appellees*.

_____

_____

    [*]The Honorable Cathy Seibel, United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**          Lee B. Smith, Donna Gagnon-Smith,  *pro se*,
                                                         Middletown, CT.

**FOR DEFENDANTS-APPELLEES:**     Alexandria L. Voccio, Howd & Ludorf, LLC,
                                                         Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Lee B. Smith and Donna Gagnon-Smith appeal from the September 2, 2011 judgment of the United States District Court for the District of Connecticut dismissing their 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We find the district court properly granted defendants-appellants summary judgment for the reasons set forth in the district court's thorough order. This Court's review of the "videotape," or DVD, submitted by the Smiths, as well as the agenda for the October 2, 2006 Middletown Common Council ("the Council") meeting does not compel a contrary result. Although the district court did not view the videotape, it gave the Smiths the benefit of all favorable inferences by assuming that: (1) defendant Robert Santangelo was specifically referring to the Smiths when he stated that the Council changed its rules to prevent a couple from

2

going on camera all the time; (2) Santangelo's view represented the views of a majority of the Council members; and (3) the Council's motivation for changing the rules was disagreement with the viewpoints expressed by the Smiths. The district court nevertheless correctly ruled that, notwithstanding the allegedly viewpoint-based motivation of the Council, the rule changes promulgated by the Council were not viewpoint-based, but merely limited the public portion of the Council meetings to official Council business, which a limited public forum was permitted to do.

Further, consideration of the agenda for the October 2, 2006 Council meeting does not change the result here, as the agenda does not provide any new, relevant information, especially in light of the fact that the minutes of the October 2, 2006 meeting were considered by the district court. While the Smiths argue that pages 1 and 4 of the agenda demonstrate "a calculated agreement by the [d]efendants and an overt act to include a prior restraint on [the Smiths'] core political speech," these pages of the agenda merely state that public comment on non-agenda matters would be heard at the end of the meeting and would not be videotaped, which is a fact that the district court specifically considered in its decision.

We have considered all of the Smiths' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3